United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MALEA BYRD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4473 |
| | § | |
| MADISONVILLE CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court has before it the Memorandum and Recommendations of the United States Magistrate Judge (Doc. No. 37) and the Plaintiff's objections thereto (Doc. No. 41). The Memorandum recommends that this Court grant the Motion to Dismiss filed by Madisonville Consolidated Independent School District (MCISD) as to the excessive force claims pursuant to FED. R. CIV. P. 12(b)(6). The Court reviews this *de novo*. Plaintiff's objections do not specifically focus on the actual merits of the Magistrate Judge's conclusion that Plaintiff had failed to plead (except in a conclusory fashion) any facts that MCISD had a custom, policy, or practice that was involved in the alleged use of excessive force by the co-defendants, Johnny Cornelius and George Sweetin. Instead, Plaintiff argues that she ought to be able to do discovery in hopes of discovering such a policy. In itself, this is an admission that the Plaintiff wants to go on a fishing in trip in hopes of landing some evidence. This argument turns the rules on their head. A party must have a good faith legal and factual basis for a claim *before* a claim is made. Plaintiff either does not have such a basis, or, if she does, she for some reason has decided not to plead the facts which would demonstrate that basis.

1

Moreover, the incidents which formed the basis of this lawsuit occurred in November of 2017. Thus, Plaintiff has had over two and one-half years to investigate potential claims and over six months to implement more formal means of discovery and, despite having this time, she has yet to ascertain any facts to support this claim. The process proposed by the Plaintiff is the type of procedure which the Supreme Court sought to prohibit by its rulings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Memorandum and Recommendations are adopted. The Amended Motion to Dismiss filed by MCISD (Doc. No. 26) is hereby granted, but only as to the claims that motion actually addressed.

SIGNED at Houston, Texas this 1st day of June, 2020.

Andrew S. Hanen
United States District Judge